**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

JOHN DOE

        v.                                                   Civil No. 26-cv-470-SM-AJ

SUPERINTENDENT, STRAFFORD COUNTY
     DEPARTMENT OF CORRECTIONS;
DIRECTOR, BOSTON FIELD OFFICE,
     UNITED STATES IMMIGRATION
     AND CUSTOMS ENFORCEMENT; ET AL.

**O R D E R**

Petitioner, a civil immigration detainee from Brazil, using the pseudonym "John Doe," filed an "<u>Emergency</u> Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241" (Doc. No. 1), which is before this court for preliminary review under 28 U.S.C. § 2243, Rules 1(b) & 4 of the Rules Governing Section 2254 Cases, and LR 4.3(d)(4).  Petitioner also filed "Petitioner's Motion for Leave to Proceed Under a Pseudonym" (Doc. No. 2) which is before the undersigned magistrate judge for a ruling.  <u>See</u> Fed. R. Civ. P. 72(a).

LEGAL STANDARD

"'Under the common law, there is a long-standing presumption of public access to judicial records.'"  <u>Riverdale Mills Corp. v. Chavez-Deremer</u>, 159 F.4th 141, 146 (1st Cir. 2025) (citation omitted).  Accordingly, "[l]itigation by pseudonym should occur only in 'exceptional cases.'"  <u>Doe v. Mass. Inst. of Tech.</u>, 46 F.4th 61, 70 (1st Cir. 2022) (citation omitted).  There is a "strong presumption" against proceeding by pseudonym.  <u>Id.</u> at 73.  The party seeking to proceed pseudonymously bears the burden of rebutting that presumption.  <u>See id.</u>  "A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted

by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." Id. at 72.

The First Circuit has identified "'four general categories of exceptional cases in which party anonymity ordinarily will be warranted.'" Doe v. Town of Lisbon, 78 F.4th 38, 45 (1st Cir. 2023) (quoting Mass. Inst. Tech., 46 F.4th at 71).

> These categories are: (1) cases in which disclosure of the would-be Doe's identity would "cause him unusually severe harm"; (2) "cases in which identifying the would-be Doe would harm 'innocent non-parties'"; (3) "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) "suits that are bound up with a prior proceeding made confidential by law." Ultimately, these categories are designed to provide guidance to district courts in "balanc[ing] the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." To follow that guidance, the district court determines whether the case before it fits into one of the four categories. If so, "party anonymity ordinarily will be warranted." Moreover, "it [also] is possible that a party whose case for pseudonymity appears weak when each [category] is analyzed separately may nonetheless make a persuasive showing when multiple [categories] are implicated," and anonymity will be warranted. Otherwise, the presumption against pseudonymous litigation will prevail, at least absent the "rare" and "exceptional" case not foreseen in Doe v. M[ass.] I[nst. of] T[ech].

Town of Lisbon, 78 F.4th at 46 (internal citations omitted).

"[A] district court 'enjoys broad discretion to quantify the need for anonymity in the case before it.'" Id. at 45 (citation omitted). "This broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest." Id.

DISCUSSION

Petitioner filed his 28 U.S.C. § 2241 Petition here as "John Doe" and has not provided the court with his real name. Petitioner asserts that he should be allowed to proceed pseudonymously because:

2

(1) The petition indicates that Petitioner was charged with rape and domestic violence offenses in March, which have since been dismissed, but the existence of which could lead to: (a) reputational harm to Petitioner if the charges were connected to his real name, and (b) physical harm if the dismissed charges were connected to Petitioner while he is detained at the SCDC;

(2) The disclosure of Petitioner's real name could lead to the identification of the person identified as the victim of the (now-dismissed) rape and domestic violence charges brought against Petitioner, which would violate a Massachusetts statute designed to protect the identity and privacy of victims of rape and domestic violence; and

(3) Proceeding pseudonymously would not prejudice the Respondents as "Petitioner will simultaneously inform Respondents of Petitioner's name and Alien Registration Number." Doc. No. 2 ¶ 3.

As discussed below, Petitioner fails to demonstrate that he falls into any of the four categories of cases in which nondisclosure of a party's identity is warranted, or that he is otherwise subject to extraordinary circumstances which suggest that his proceeding pseudonymously in this matter is appropriate.

First Petitioner has not demonstrated that he would be subject to "unusually severe harm" by the disclosure of his name. To the extent proceeding under his own name here may connect him with criminal charges previously made against him, the Petition reveals that the charges against him were dismissed. The reputational harm Petitioner alleges could be caused by connecting him to the charges previously levelled against him would be ameliorated by the fact that those charges were dismissed. Petitioner provides no reason why, to the extent any reputational harm might ensue from knowledge that he was previously charged with rape and domestic violence, such circumstances do not present an "exceptional case," Mass. Inst. of Tech., 46 F.4th at 70, distinguishable from any other situation where someone fears reputational harm because he has been charged with such crimes (even if those charges have been dismissed).

Second, Petitioner states broadly that having such charges brought against him could subject him to a risk of physical harm at the SCDC, but he has not asserted facts that give rise to

3

more than speculation as to that possibility.  The SCDC is a county jail which houses numerous individuals who are detained pretrial on serious offenses of which they have been charged but not convicted, and Petitioner fails to explain why his situation differs from the many other prisoners charged with, but not convicted of, such offenses, which include sexual assault and/or domestic violence.

Third, Petitioner has failed to demonstrate that using his real name in this case would harm any innocent non-party.  Petitioner argues that if the Petition contained his real name, the connection of his previous criminal charges to his real name could reveal the name of the alleged victim of those charges, in violation of Mass. Gen. Laws ch. 265, § 24C.  That statute states as follows:

> That portion of the records of a court or any police department of the commonwealth or any of its political subdivisions, which contains the name of the victim in an arrest, investigation or complaint for rape or assault with intent to rape under section thirteen B, 13B ½, 13B ¾, twenty-two, twenty-two A, 22B, 22C, twenty-three, 23A, 23B, twenty-four or twenty-four B, inclusive, of chapter two hundred and sixty-five, or an arrest, investigation or complaint for trafficking of persons under section 50 of said chapter 265, shall be withheld from public inspection, except with the consent of a justice of such court where the complaint or indictment is or would be prosecuted.
>
> Said portion of such court record or police record shall not be deemed to be a public record under the provisions of section seven of chapter four.
>
> Except as otherwise provided in this section, it shall be unlawful to publish, disseminate or otherwise disclose the name of any individual identified as an alleged victim of any of the offenses described in the first paragraph. A violation of this section shall be punishable by a fine of not less than two thousand five hundred dollars nor more than ten thousand dollars.

Mass. Gen. Laws ch. 265, § 24C.

As an initial matter, the plain language of § 24C states that the law applies to state courts, and not federal courts.  Even if the law did apply to bind this court, however, it is not clear how

disclosing the fact that Petitioner was previously charged with an offense would necessarily lead to identification of the victim of that offense where nothing in the public record of the state court, which is bound by § 24C, would identify that individual by name.  Accordingly, the spectre of identification of the victim of a dismissed offense does not provide a basis for the court to allow Petitioner to proceed pseudonymously.

As to the remaining categories which might warrant anonymity of a party to a civil action, Petitioner does not argue that the use of his real name would have any chilling effect on future litigants similarly situated to him, and the court is not aware of any reason such effect would result therefrom.  And, other than the possibility, discussed above, of identifying the victim in the dismissed criminal charges against him, Petitioner does not argue that this case is "bound up with" any prior proceedings, such that the court should allow him to use a pseudonym here.  Town of Lisbon, 78 F.4th at 46.  Accordingly, Petitioner has failed to meet his burden to demonstrate that he should be allowed to proceed by pseudonym here.

CONCLUSION

For the reasons explained in this Order, "Petitioner's Motion for Leave to Proceed Under a Pseudonym" (Doc. No. 2) is DENIED.[1]

---

[1] In addition to the reasons set forth in this Order to deny Petitioner's motion, the court notes that Petitioner failed to comply with this court's local rules setting forth the following procedures a party seeking to proceed pseudonymously must follow:

(a) Notice. If a party seeks to proceed under a pseudonym, at the time of filing the initial pleading, the party must file under seal a Notice of Intention to Proceed by Pseudonym ("Notice") and disclose the party's true name. The Notice shall not be filed electronically but may be filed conventionally or via email pursuant to AP 3.5. This notice will be maintained under seal.

(b) Motion. Contemporaneously with the Notice, the party must file a motion to proceed under the pseudonym, setting forth the justification under applicable law. To the extent the motion requires disclosure of information that would

No later than 5:00 p.m. on Wednesday, June 8, 2026, Petitioner must either: (1) file an Amended Petition in this matter, identifying the Petitioner by name, or (2) file a notice that he wishes to voluntarily dismiss his Petition, without prejudice, under Federal Rule of Civil Procedure 41(a).

The court takes preliminary review of the Petition under advisement pending Petitioner's response to this motion.

Failure to comply with this Order may result in the court's dismissal of the Petition without prejudice.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

June 8, 2026

cc:    Gabriela J. Cerretani, Esq.

---

reasonably identify the party seeking to proceed under a pseudonym, that identifying information may be redacted by following the procedure provided for in LR 83.12.

(c) Service. The party seeking to proceed under a pseudonym must serve the Notice and motion on each opposing party with the complaint.

LR 10.1(a)-(c).